IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

SEP 29 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| EDWARD BENTON GLASS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | NO. 4:14-CV-701-A |
| | § | |
| MHMR TARRANT COUNTY JAIL DIV., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is a complaint filed
in the above action by plaintiff, Edward Benton Glass, naming as
defendant MHMR Tarrant County Jail Division.[1]

Plaintiff is incarcerated in the Tarrant County Jail.  As a
prisoner seeking redress from government officials, plaintiff's
complaint is subject to preliminary screening under 28 U.S.C. §
1915A.  See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir.
1998).  Section 1915A(b)(1) provides for sua sponte dismissal if
the court finds that the complaint is either frivolous or fails
to state a claim upon which relief may be granted.  A claim is
frivolous if it "lacks an arguable basis in either fact or law."

---

[1]Although the court is unfamiliar with an entity named "MHMR Tarrant County Jail Division," it
is likely that this is not a proper defendant.  Because the court concludes that plaintiff has failed to state
any claim, a determination of the proper defendant is unnecessary.

<u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level.  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader.  <u>Warth v. Seldin</u>, 422 U.S. 490, 501 (1975).  However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. <u>Twombly</u>, 550 U.S. at 555; <u>Tuchman v. DSC Commc'ns Corp.</u>, 14 F.3d 1061, 1067 (5th Cir. 1994).

Having now considered the allegations in the complaint, the court concludes that it should be dismissed in its entirety under the provisions of 28 U.S.C. § 1915A.

In the complaint, plaintiff alleged that he has only seen one mental health doctor in five months.  The doctor only ordered plaintiff a prescription medication for "mild anxiety."  Compl. at 4.  Plaintiff alleged that he has "PTSD, psycosis [sic], major anxiety disorder, bipolar, major depression, panic attacks, and a

recurring nightmare," <u>id.</u>, but is not being treated for those conditions.

Plaintiff appears to be asserting a claim for deliberate indifference to his medical needs under 42 U.S.C. § 1983.   The "unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." <u>Hudson v. McMillian</u>, 503 U.S. 1, 5 (1992) (ellipses in original)(internal citation and quotation marks omitted).   The Supreme Court has determined that deliberate indifference to a prisoner's serious medical needs may constitute the "unnecessary and wanton infliction of pain" necessary to state an Eighth Amendment violation.   <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). However, not every claim by a prisoner that he received inadequate medical care states a constitutional violation.   <u>Id.</u> at 104-105.

For a prison official's deliberate indifference to a prisoner's serious medical needs to rise to the level of a constitutional violation, a prisoner must establish that the official knew of and disregarded an excessive risk to a prisoner's health or safety.   <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).   "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."   <u>Id.</u>

3

An official's "failure to alleviate a significant risk that he
should have perceived but did not" does not constitute an Eighth
Amendment violation.  Id. at 838.  Unsuccessful medical care,
negligent treatment, or medical malpractice do not rise to the
level of a constitutional tort.  Gobert v. Caldwell, 463 F.3d
339, 346 (5th Cir. 2006).  Disagreement between a prisoner and
his doctor regarding the course of treatment is generally not
actionable.  Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir.
1995) (per curiam).  "Deliberate indifference is an extremely
high standard to meet."  Gobert, 463 F.3d at 346 (internal
quotation marks and citation omitted).

The allegations of the complaint fail to meet this high
standard.  The essence of plaintiff's complaint is that although
plaintiff is receiving treatment for mental health issues, he
believes he needs more or different medical treatment than what
is being provided.  These type of allegations amount to a
disagreement with the medical treatment provided, "contentions
that fall short of a constitutional or federal claim."  Varnado
v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam).

The complaint is also notable for what is lacking.  For
example, plaintiff does not allege that he complained to anyone
about the medical treatment he has received, or that he suffered

4

or suffers from symptoms that remained untreated,[2] or that he has asked or attempted to see a physician but has been refused.  No facts are alleged to show any of defendant's employees were aware of facts from which they could draw the inference that a substantial risk of serious harm to plaintiff existed, or that any officials drew such an inference.  To prevail on his claim also requires plaintiff to show that defendant's deliberate indifference resulted in "substantial harm."  <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 195 (5th Cir. 1993).  However, no facts are alleged to indicate that plaintiff has suffered in any way from any perceived lack of medical care.  Under the circumstances described in the complaint, plaintiff cannot establish that defendant was deliberately indifferent to his medical needs.[3]

To sum up the court's conclusions, plaintiff has failed to allege any facts as would show defendant refused to treat him, ignored his complaints, or intentionally treated him incorrectly. The complaint fails to meet the "high standard" required to show defendant was deliberately indifferent to plaintiff's medical needs.  Plaintiff has thus failed to allege a violation of his

---

[2]Although the complaint included a list of diagnoses plaintiff contends he has been given, there are no facts alleged to show that plaintiff suffers from any symptoms related to the diagnoses.

[3]It appears likely that the proper defendant in this action is either Tarrant County or another governmental entity.  To that extent, plaintiff has also failed to allege any facts as would establish liability for any governmental entity.  <u>See</u>, <u>e.g.</u>, <u>Piotrowski v. City of Houston</u>, 237 F.3d 567, 578 (5th Cir. 2001); <u>Bennett v. City of Slidell</u>, 735 F.2d 861, 862 (5th Cir. 1984) (per curiam).

constitutional rights.

Therefore,

The court ORDERS that all claims and causes of action asserted in the above-captioned action by plaintiff, Edward Benton Glass, against defendant, MHMR Tarrant County Jail Division, be, and are hereby, dismissed pursuant to the authority of 28 U.S.C. 1915A(b).

SIGNED September 29, 2014.

_____
JOHN McBRYDE
United States District Judge

6